UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ERNEST LAMONT WILLIAMS, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 2:15-CV-393 |
| vs. | ) |
| | ) |
| CAPTAIN STEVE RICHMOND, | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

Ernest Lamont Williams, III, a *pro se* prisoner, filed suit under 42 U.S.C. § 1983, complaining that Captain Steve Richmond prevented him from making copies at the St. Joseph County Jail: "Richmond, refuse[d] to let me have the copies I needed to make for my claim. . . . I need three copies made, and he refused me the right to do so. (DE 1 at 3.) Pursuant to 28 U.S.C. § 1915A, I must screen Williams' complaint and dismiss the action if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

The standard for dismissal under Section 1915A is the same as under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive such a motion under Rule 12(b)(6), a complaint must state a claim that is plausible on its face or, in other words "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602–3 (7th Cir. 2009) (internal citation and quotation marks omitted). To state claim under 42 U.S.C. § 1983, Williams

must allege: "(1) that the defendant[] deprived him of a federal constitutional right; and (2) that the defendant[] acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Because Williams is proceeding *pro se*, I must construe his complaint liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.").

Williams appears to allege that Richmond refused to allow Williams to have materials copied in triplicate and that this denial prejudiced Williams' ability to pursue a meritorious case, but the complaint does not connect the dots. For Williams to have a valid constitutional claim here, he must "spell out, in minimal detail the connection between the denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." (*Id.*) *See Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Williams' complaint does not say what materials he needed to copy or identify the claim he intended to pursue. It also does not describe any prejudice resulting from Richmond's refusal.

Though Williams has not yet not alleged a plausible claim for denial of access to the courts, he may be able to do so if given the chance, so I will allow him to amend the complaint. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022–23, 1025 (7th Cir. 2013). At a minimum, the amended complaint should provide a detailed description of (a) the documents William needed copied in triplicate, (b) the claim for which Williams needed the documents, and © the prejudice Williams suffered in pursuit of the claim as

a result of Richmond's refusal.

For the reasons set forth above, I:

(1) **DIRECT** the clerk to place this cause number on a blank prisoner complaint 42 U.S.C. § 1983 packet and send it to Williams;

(2) **GRANT** Williams until and including July 6, 2016, to file an amended complaint incorporating the detailed information I specified above; and

(3) **CAUTION** Williams that if he does not respond by July 6, 2016, this case will be dismissed pursuant to 28 U.S.C. § 1915A.

**SO ORDERED**.

ENTERED: November 2, 2015.

s/ Philip P. Simon
CHIEF JUDGE
UNITED STATES DISTRICT COURT